```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


GLORIA JEAN SALTER,              :

     Plaintiff,                  :

vs.                              :
                                       CIVIL ACTION 05-0254-CB-M
JO ANNE B. BARNHART,             :
Commissioner of
Social Security,                 :

     Defendant.                  :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Gloria Jean Salter and against Defendant Jo Anne B. Barnhart.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born October 19, 1959.  At the time of the most recent administrative hearing, Salter was forty-three years old, had completed an eleventh-grade education but did get a Graduate Equivalency Degree (Tr. 599), and had previous work experience as a sewing machine operator, a cashier/checker, a hospital food service worker, and a scanner operator (Tr. 611).  In claiming benefits, Plaintiff alleges disability due to a herniated disk and arthritis of the knee and ankle (Doc. 11).

The Plaintiff filed protective applications for disability benefits and SSI on April 1, 2002 (Tr. 79-82, 568-72).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Salter could not return to her past relevant work, there were

sedentary jobs in the national economy which she could perform (Tr. 10-25).  Plaintiff requested review of the hearing decision (Tr. 26-28) by the Appeals Council, but it was denied (Tr. 6-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Salter alleges that:  (1) There is new evidence which needs to be considered;  (2) the ALJ did not properly consider the opinions and conclusions of her treating physician; (3) the ALJ improperly discounted her claims of pain; (4) the ALJ did not present a proper hypothetical question to the vocational expert; and (5) she is not capable of performing sedentary work (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff's first claim is that there is new medical evidence which needs to be considered (Doc. 11, pp. 5-7).  Salter points to the evidence found at Tr. 565-66, a clinical assessment of pain completed by treating physician, Dr. Stanley Barnes,[1] and Tr. 581-82, a clinical assessment of pain completed by treating physician, Dr. Thomas L. Yearwood.

It should be noted that "[a] reviewing court is limited

---

[1]The Court notes that the ALJ did consider—and specifically rejected—the pain form completed by Dr. Barnes (Tr. 20).  Therefore, there will be no discussion of this evidentiary material as "new evidence."

3

to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). However, "when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).

If, however, the Appeals Council accepts the case for review, we consider that new evidence as well, though it is to be examined differently from the balance of the evidence. *See* Falge, 150 F.3d at 1323. *Keeton* directs this Court to look at the new evidence and determine whether it meets the three-prong standard for remanding this action. *Keeton*, 21 F.3d at 1068. To make a determination of remand, "the claimant must establish that:  (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so

4

that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 6). The Court understands Plaintiff to claim that the Appeals Council improperly denied review of the new evidence (*see* Doc. 11, pp. 5-7). Therefore, this Court will review the new evidence to see if the Appeals Council improperly denied review. *Falge*, 150 F.3d at 1324.

The new evidence is a clinical assessment of pain completed by Dr. Thomas L. Yearwood which expressed his opinion that Salter's pain would distract her from performing her daily activities or work (Tr. 581-82). Yearwood further stated that physical activity would greatly increase her pain to the degree that she would be distracted or abandon the task altogether; additionally, her pain medications would cause some side effects but would not create serious problems.

The ALJ referred to Yearwood as a "pain management specialist" in summarizing his treatment of Salter using nerve blocks, prescription medication, and physical therapy over a two-year period (Tr. 17-18). After summarizing all of the

medical evidence, the ALJ, in stating what evidentiary weight he gave to the submitted evidence, stated that it was "noteworthy that Dr. Yearwood did not provide any opinions regarding the claimant's physical capacities and limitations or her estimated level of pain" (Tr. 19).

The Court notes that Dr. Yearwood's treatment notes indicate that he prescribed Darvocet[2] to go with the Ultram[3] which Salter was already taking (Tr. 281).  Notes further indicate the use of Skelaxin,[4] Zanaflex,[5] and Robaxin[6] in Salter's treatment (Tr. 281, 546).  In the treatment note of March 15, 2002, Yearwood noted that Plaintiff's "intradiscal pathology has continued unabatedly and is somewhat more severe

---

[2]Propoxyphene napsylate, more commonly known as Darvocet, is a class four narcotic used "for the relief of mild to moderate pain" and commonly causes dizziness and sedation.  *Physician's Desk Reference* 1443-44 (52nd ed. 1998).

[3]*Ultram* is an analgesic "indicated for the management of moderate to moderately severe pain."  *Physician's Desk Reference* 2218 (54th ed. 2000).

[4]*Skelaxin* is used "as an adjunct to rest, physical therapy, and other measures for the relief of discomforts associated with acute, painful musculoskeletal conditions."  *Physician's Desk Reference* 830 (52nd ed. 1998).

[5]*Zanaflax* "is a short-acting drug for the acute and intermittent management of increased muscle tone associated with spasticity."  *Physician's Desk Reference* 3204 (52nd ed. 1998).

[6]*Robaxin* "is indicated as an adjunct to rest, physical therapy, and other measures for the relief of discomforts associated with acute, painful musculoskeletal conditions."  *Physician's Desk Reference* 2428 (52nd ed. 1998).

than it was when last seen" (Tr. 280).  In the October 21, 2002 exam, the doctor stated the following:

> [Plaintiff's subjective complaints] are all very characteristic for chronic neuropathic pain.  She has scatted myofascial trigger points present and bilateral paraspinous muscle spasticity in the cervical spine. She does have some left lower thoracic facet joint tenderness.  Lumbar spine has positive spring elicited at L4-L5 with bilateral paraspinous muscle spasticity and scattered myofascial trigger points. Facets are not involved.  Positive left sacroiliac joint dysfunction as noted by Gillette's, Gaenslen's, sacral thrust, Thomas', Patrick's, and march tests.

(Tr. 546).  Yearwood's suggested treatment regimen included physical therapy, spinal injection therapy, neuromuscular stimulation, as well as medication therapy (Tr. 546).

The Court finds that Dr. Yearwood's pain assessment meets the three-prong standard of *Caulder*.  Specifically, the Court finds that it is new evidence, that there is a reasonable probability that it will change the administrative result, and that there is good cause for Plaintiff's late submission of the evidence.

The Court has reviewed Defendant's arguments that the Appeals Council properly denied review of this evidence (Doc. 14, pp. 19-20), but finds them unpersuasive.  The Court is aware that the ALJ rejected the pain form completed by Dr.

7

Barnes and found Plaintiff's testimony non-credible (Tr. 20-21); however, the Court again notes the ALJ's finding that it was "noteworthy" that Dr. Yearwood had not expressed an opinion as to Salter's pain and limitations (Tr. 19).  The ALJ's characterization of the absence of Yearwood's pain assessment leads this Court to the conclusion that he considered the evidence material; in any event, the Court considers it material, especially in light of Dr. Barnes's similar, though stronger, assessment.  Though Defendant has argued that the pain assessment is cumulative to the other information in the file, the ALJ's noting that it was not a part of the record belies this argument.  Finally, there can be no argument that Dr. Yearwood's pain assessment was not a part of the record at the time of the ALJ's decision.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's pain.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence

four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of

>    the objection may be deemed an abandonment of the
>    objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 1st day of December, 2005.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE