IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLORIA JEAN SALTER,                    :
                                       :
     Plaintiff,                        :
                                       :
vs.                                    :     CIVIL ACTION 05-0254-CB-M
                                       :
JO ANNE B. BARNHART,                   :
Commissioner of                        :
Social Security,                       :
                                       :
     Defendant.                        :

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Award of

Attorney's Fees Pursuant to the Equal Access to Justice Act 28

U.S.C. 2412, with supporting Memorandum (Docs. 23, 24),

Defendant's Opposition to Plaintiff's Application for Attorney's

Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412

(Doc. 27), and Plaintiff's Reply to Defendant's Opposition to

Plaintiff's EAJA Fee Petition (Doc. 29).  After consideration of

the pertinent pleadings, it is recommended that the motion be

granted and that Plaintiff's counsel be awarded an Equal Access

to Justice Act (hereinafter EAJA) attorney's fee in the amount of

$1,250.00.

Plaintiff filed this action on April 28, 2005 (Doc. 1).

After the issues in dispute had been briefed, the Court, by Order

dated November 17, 2005, set this action for oral argument on

November 28, 2005 (Doc. 15).  On November 22, 2005, the parties

agreed to waive oral argument (Doc. 16).  On December 2, 2005,

the undersigned entered a Report and Recommendation, recommending

that the decision of the Commissioner be reversed and that this

action be remanded to the Secretary for further proceedings (Doc.

18).  On December 29, 2005, the Court adopted the Report and

Recommendation and entered judgment in favor of Plaintiff,

reversing and remanding this action for further administrative

proceedings (Docs. 20 and 21).

On March 6, 2006, Marni Reagan, counsel for Plaintiff, filed

a Motion for Award of Attorney's Fees Pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412, in which Plaintiff

asserts that Defendant's position was not substantially justified

and requests a fee of $1,250.00, computed at an hourly rate of

$125.00 for 10 hours spent in this Court (Doc. 22).  Defendant,

in her Opposition filed April 19, 2006, contends that the Court

should find that the Commissioner's position was substantially

justified and requests that Plaintiff's claim for EAJA attorney's

fees be denied (Doc. 27).  Defendant does not object to the hours

or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  That means that the Government must show that there was a

"reasonable basis both in law and fact" for the positions it

took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court

notes that "[a]n examination of whether the government's position

was substantially justified encompasses an evaluation of both the

agency's prelitigation conduct and the subsequent litigation

positions of the Justice Department ....  Unless the government

can establish that all of its positions were substantially

justified, the claimant is entitled to receive attorney's fees."

*Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations

omitted).  Though Defendant bears the burden of showing that its

position was substantially justified, "[t]he fact that the

government lost its case does not raise a presumption that the

government's position was not substantially justified."  *Ashburn*

*v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Report and Recommendation dated December 2, 2005

(Doc. 18), the Court found that

> the ALJ rejected the pain form completed by
> Dr. Barnes and found Plaintiff's testimony
> non-credible (Tr. 20-21); however, the Court
> again notes the ALJ's finding that it was
> "noteworthy" that Dr. Yearwood had not
> expressed an opinion as to Salter's pain and
> limitations (Tr. 19).  The ALJ's
> characterization of the absence of Yearwood's
> pain assessment leads this Court to the
> conclusion that he considered the evidence
> material; in any event, the Court considers
> it material, especially in light of Dr.
> Barnes's similar, though stronger,
> assessment.  Though Defendant has argued that

>           the pain assessment is cumulative to the
>           other information in the file, the ALJ's
>           noting that it was not a part of the record
>           belies this argument.  Finally, there can be
>           no argument that Dr. Yearwood's pain
>           assessment was not part of the record at the
>           time of the ALJ's decision.

(Doc. 18, pp.7-8).

Defendant in her Opposition (Doc. 27) states that there was a reasonable basis in law and fact for the Commissioner's position that although Plaintiff experienced some pain and physical limitations secondary to her lumbar degenerative disc disease, she could perform the minimal demands of sedentary work and, thus, was not disabled.  However, the Court disagrees.  The Appeals Council failed to consider the new evidence, namely, Dr. Yearwood's treatment notes of multi-drug treatment and assessment of disabling pain, as it was required to do, evidence which the ALJ considered, and this Court finds, to be material.  As more fully set out in the Report and Recommendation, the Court finds that, based upon a review of the entire record, the Government's position in defending this omission was not substantially justified (Doc. 18, p.8).

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate.'"   Watford v. Heckler,

765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v.

Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§

1988).   In describing this lodestar method of calculation, the

United States Supreme Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended" ....  Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  Norman v. Housing Authority, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 10 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation."  ...  The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in

the cost of living, or a special factor.
Id. at 1033-34 (citations omitted & footnote omitted)[1].  The
applicant bears the burden of producing satisfactory evidence
that the requested rate is in line with prevailing market rates.
NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).
Satisfactory evidence at a minimum is more than the affidavit of
the attorney performing the work.  Blum v. Stenson, 465 U.S. 886,
104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed
seem expanded or there is lack of documentation or testimony in
support, the court may make an award on its own experience.
Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.
1988).  Where documentation is inadequate, the court is not
relieved of its obligation to award a reasonable fee, but the
court traditionally has had the power to make such an award
without the need of further pleadings or an evidentiary hearing.
Id.

The prevailing market rate in the Southern District of
Alabama is $125.00 per hour.  See Smith v. Massanari, Civil
Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil
Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil
Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil
Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil

---

[1] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

Action 00-0516-BH-L (April 12, 2001).  Because the market rate is

not greater than the statutory rate of $125.00 per hour, the

Court need not reach the second step set out in the Meyer case.

Multiplying the 10 hours by the Southern District of Alabama

inflation-adjusted prevailing market rate of $125.00 results in a

fee of $1,250.00.

     In conclusion, and for the reasons set out above, it is

recommended that Plaintiff's motion be granted and that

Plaintiff's counsel be awarded an EAJA fee in the amount of

$1,250.00.

                MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
                  AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
                    AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a de novo determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d
736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404
(5th Cir. Unit B, 1982)(en banc).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

     A party may object to a recommendation entered by a
     magistrate judge in a dispositive matter, that is, a
     matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
     a "Statement of Objection to Magistrate Judge's
     Recommendation" within ten days after being served with
     a copy of the recommendation, unless a different time
     is established by order.  The statement of objection
     shall specify those portions of the recommendation to
     which objection is made and the basis for the
     objection.  The objecting party shall submit to the
     district judge, at the time of filing the objection, a

brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of June, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE